IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Leroy Collins,                  :

    Plaintiff,             :

  v.                            :     Case No. 2:05-cv-0367

Reginald Wilkerson, et al.,     :     JUDGE HOLSCHUH

    Defendants.            :

<u>MEMORANDUM AND ORDER</u>

    This prisoner civil rights case is before the Court to consider a motion for reconsideration filed by plaintiff, Leroy Collins.  Mr. Collins has asked the Court to reconsider an Order and Report and Recommendation issued by the Magistrate Judge.  There are a number of other motions pending as well, all of which will be disposed of by this order (with the exception of Mr. Collins' motion for a scheduling order, which will be referred to the Magistrate Judge for further action).

I.

    On July 24, 2006, the Magistrate Judge issued an order ruling on a number of non-dispositive motions filed by the parties.  That order also included a recommendation that Mr. Collins' motion for a temporary restraining order be denied.  Mr. Collins has objected both to the denial of his motions and the recommendation that his motion for injunctive relief be denied.

    The Court turns first to several motions filed by Mr. Collins to amend his complaint.  The Magistrate Judge granted one such motion but denied others for two reasons: that Mr. Collins had not adequately demonstrated exhaustion of administrative remedies with respect to certain claims about his living conditions, and that he would not be permitted to amend his

complaint to name the "medical staff" at his institution as a defendant because he had not provided the names of any specific members of the medical staff he wished to designate as defendants.

At the time the Magistrate Judge's order was issued, case law from the Court of Appeals for this circuit required that a prisoner plead and prove exhaustion of administrative remedies in his or her complaint. That line of cases has now been overruled by the United States Supreme Court. See Jones v. Bock, 127 U.S. 910 (2007). Consequently, as a result of an intervening change in the law, the Court concludes that Mr. Collins should be given the opportunity to amend his complaint. Although the order denying him leave to add the "medical staff" at his institution as a defendant is correct and is therefore affirmed, should Mr. Collins wish to name individual members of the medical staff in an amended complaint, he is free to do so. The Court further notes that it appears that Mr. Collins has been deposed with respect to a number of the allegations which he proffered in his amended complaint concerning living conditions, so that the defendants will not be prejudiced if the amendment is permitted. Further, it appears that the discovery cut-off date will be extended and that Mr. Collins will be subject to an additional deposition, as more fully discussed below. Under these circumstances, the interests of justice favor the filing of an amended complaint. At the conclusion of this memorandum and order, the Court will establish a time frame for that to occur.

Mr. Collins also objected to the denial of his motion for the appointment of counsel. He has since renewed that motion, so his objection is moot. His renewed motion suggests that because, at the time he filed the motion, he was confined in segregation, he was unable to prosecute this case.

The record does not indicate whether Mr. Collins is still confined in segregation. Further, he has demonstrated an ability to file articulate pleadings and appears to have a good grasp of the issues in his case. Should his claims, after discovery, survive a motion for summary judgment, the Court will then consider whether counsel should be appointed. In the interim, however, the renewed motion for appointment of counsel (#45) will be denied.

Finally, Mr. Collins objects to the recommendation that his motion for a temporary restraining order be denied. The Report and Recommendation noted that the basis for the motion for injunctive relief related to matters not set forth in the complaint and that injunctive relief is ordinarily not appropriate under those circumstances. The Court agrees. However, if Mr. Collins' new complaint adds these allegations and the situation about which he complains still exists, he is free to renew his motion.

## II.

The Court now turns to other pending motions. Mr. Collins was deposed in this case on October 30, 2006. He has moved to strike his deposition. Conversely, the defendants have moved for an order compelling him to answer questions at a deposition and to permit a further deposition. The Court addresses each of these issues in turn.

Mr. Collins contends that his deposition should not be used against him because he was not provided reasonable notice of the deposition, because he had requested the appointment of counsel prior to the deposition but counsel was not provided, because he was in segregation at the time of the deposition and did not have access to legal materials, and because the deposition was conducted inappropriately. Most of these allegations lack merit. The Court has concluded that Mr. Collins was not entitled to the

appointment of counsel prior to his deposition.  It also appears that he did bring legal materials with him to the deposition. Finally, from a review of the deposition transcript, the Court is not persuaded that the conduct of defendants' counsel was so egregious that the deposition ought not to be considered for use in this case.  The Court will, however, comment on that issue more fully below.

With respect to the issue of notice, it appears that Mr. Collins' deposition was taken on five days' notice.  Ordinarily, at least eleven days' notice is required to be provided for a deposition or the deposition may not be used.  Fed. R. Civ. P. 32(d)(1) allows the eleven-day notice requirement to be waived, however, if a party does not move for a protective order based on the lack of adequate notice prior to the commencement of the deposition.

It is somewhat unrealistic to expect a prisoner inmate to be able to file a motion for protective order when a deposition notice is served upon him only a few days before the date of the deposition.  Even had such a motion been prepared and placed in the prison mailbox, it would likely not have been received by the Court prior to the date of the deposition.  The Court is at a loss to understand why only five days' notice was given here. Nonetheless, because it does not appear that Mr. Collins was prejudiced by the lack of notice, the Court will not strike his deposition on that basis.  Adequate notice should be given of any redeposition, however.

The defendants have noted that Mr. Collins refused to answer a number of questions at his deposition, exhibited an antagonistic attitude, and ultimately terminated the deposition. The Court has reviewed the deposition transcript and the matter is not as clear-cut as the defendants portray.  It appears that Mr. Collins answered a number of questions without objection

until counsel began a line of questioning about certain grievances which Mr. Collins had filed.  Apparently, Mr. Collins had requested copies of those grievances earlier in the litigation, only to be told that they were irrelevant and would not be produced.  When he raised that issue at his deposition and asked why he was being questioned about matters which counsel had previously deemed to be irrelevant, he was simply told that he was required to answer irrelevant questions at his deposition. Although that is technically a correct statement of the law, it is also true that counsel has an obligation to refrain from asking irrelevant questions at a deposition.  At any rate, it was that interchange which ultimately led to the termination of the deposition.

Because Mr. Collins is being permitted to file an amended complaint, and because counsel did not complete the questioning of Mr. Collins at his deposition (and, in fact, did not ask many questions about the core issues of this case, which is Mr. Collins' claim that he is not receiving adequate treatment for Hepatitis C), a second deposition will be permitted.  That deposition should take place only after the amended complaint is filed and only upon adequate notice to Mr. Collins.  Further, counsel should refrain from asking irrelevant questions, including questions about matters which the defendants themselves have described as irrelevant either in discovery responses or otherwise.  The Court is confident that if these ground rules are followed and the deposition remains focused on relevant matters, there should not be an issue with respect to Mr. Collins' willingness to respond appropriately to questions at his deposition.  Should an issue arise, however, the parties should make telephonic contact with the Magistrate Judge in order to resolve these issues during the course of the deposition.

III.

Mr. Collins filed a motion for summary judgment on November 16, 2006. The Court concludes that the motion is premature and it will be denied at this time. The Magistrate Judge will ultimately set a date for the filing of case-dispositive motions and the motion can be renewed at that time.

IV.

On December 28, 2006, Mr. Collins filed a motion to have the Magistrate Judge recused from this case. He asserts that a combination of delays in ruling on his motions and rulings against him demonstrate that the Magistrate Judge is biased.

A judge may not be removed from a case on grounds of bias simply because a party is dissatisfied with rulings made by the judge during the course of the case. Rather, "the critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir. 1989), quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1965). Mr. Collins has not alleged any extrajudicial source of bias, and his dissatisfaction with the Magistrate Judge's handling of the case is not an appropriate basis for recusal under this standard. Consequently, that motion will be denied.

Finally, Mr. Collins has moved for the entry of a scheduling order. The Magistrate Judge ordinarily enters such an order. After Mr. Collins files his amended complaint and the defendants respond, the Magistrate Judge should establish a new schedule based upon the nature of Mr. Collins' new allegations and the time reasonably required to complete discovery concerning those allegations.

V.

Based upon the foregoing, the objections to the Magistrate Judge's Report and Recommendation (#38) are SUSTAINED IN PART AND DENIED IN PART.  Mr. Collins' motion for a temporary restraining order (#31) is DENIED.  His motion for appointment of counsel (#45) is DENIED.  His motions for leave to amend (#21, #24, and #28) which were denied by the Magistrate Judge are GRANTED IN PART.  Mr. Collins may, within twenty days of the date of this order, file an amended complaint adding new allegations as set forth in those motions, so long as any new defendants who are designated in the complaint are identified by name.  The defendants shall respond within twenty days thereafter.  Upon a response being filed, the Magistrate Judge shall enter a scheduling order.  As a result, Mr. Collins' motion for a scheduling order (#60) is DENIED AS MOOT.  Mr. Collins' motion to have the Magistrate Judge recused from this case (#58) is DENIED.

Mr. Collins' motion for summary judgment (#47) is DENIED WITHOUT PREJUDICE, his motion to strike his deposition (#48) is DENIED, and the defendants' motion for an order compelling disclosure and further deposition (#50) is GRANTED, provided that at least eleven days' notice of any deposition is given, that the deposition is taken after the amended complaint is filed, and that counsel refrain from asking questions at the deposition which counsel either believes to be irrelevant or has represented to be irrelevant in documents filed in this case.  Should the parties encounter any difficulties at the deposition, they are instructed to contact the Magistrate Judge's office by telephone to obtain rulings while the deposition is in progress.

7

IT IS SO ORDERED.


Date: March 26, 2007                    **/s/ John D. Holschuh**
                                        John D. Holschuh, Judge
                                        United States District Court